UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| OCM MARITIME RHINE LLC, § § Plaintiff, § § VERSUS § § M/V KINAROS, its engines, boilers, tackle, § furniture, apparel, appurtenances, etc., *in rem*, and § Kinaros Special Maritime Enterprise, *in personam*, § § Defendant. § § | C.A. NO. _____ ADMIRALTY, Rule 9(h) |

**VERIFIED COMPLAINT IN ADMIRALTY**
**BY OCM MARITIME RHINE LLC**

Plaintiff OCM Maritime Rhine LLC ("**Plaintiff**") files this Verified Complaint in Admiralty pursuant to Rule D of the Supplemental Rules for Admiralty and Maritime Claims ("**Rule D**"), and alleges as follows:

### I.  JURISDICTION, VENUE, AND PARTIES

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and Rule D.

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1333, and venue is proper in this District pursuant to 28 U.S.C. § 1391.

3. At all material times, Plaintiff was and is a limited liability company organized under the laws of the Republic of the Marshall Islands and having its registered office at Trust Company Complex, Ajeltake Road, Ajeltake Island, Majuro, MH 96960, Marshall Islands.

4. *In rem* defendant M/V KINAROS, bearing IMO number 9405538 (together with its engines, boilers, tackle, furniture, apparel, appurtenances, etc., the "**Vessel**"), is an oil/chemical tanker registered in the name of Plaintiff under the laws and flag of Greece, and is presently in this District or is believed to soon be in this District, within the jurisdiction of this Honorable Court.

5. *In personam* defendant Kinaros Special Maritime Enterprise ("**Defendant**") is a company organized under the laws of the Hellenic Republic and having its registered office at 62, Iroon Polytechneiou Avenue, 18535 Piraeus, Greece.

## II.     RELEVANT FACTS

6. On June 24, 2020, Plaintiff, as owner, and Defendant, as bareboat charterer, entered into a bareboat charter (the "**Charter**") pursuant to which Plaintiff bareboat chartered the Vessel to Defendant for a period of five (5) years under the terms and conditions set forth therein. A true and complete copy of the Charter is attached as <u>Exhibit A</u> hereto.

7. On July 17, 2020, the Hellenic Register of Shipping issued a certificate of nationality (the "**Certificate**") evidencing the registration of the Vessel under the name and 100% ownership of Plaintiff. A true and complete copy of the Certificate is attached as <u>Exhibit B</u> hereto.

8. On September 1, 2021, Plaintiff sent a "reservation of rights" letter (the "**ROR Letter**") to, *inter alios*, Defendant, in which Plaintiff reserved all rights with respect to the "Event of Default" arising under Section 45(a) of the Charter from Defendant's failure to pay each of the following amounts:

| | |
|---|---|
| A | part of the Charter Hire due on 16th April 2021 in the amount of $ 99,037.96; |
| B | the Charter Hire due on 17th May 2021 in the amount of $ 201,035.69; |
| C | the Charter Hire due on 17th June 2021 in the amount of $ 197,401.47; |
| D | the Charter Hire due on 16th July 2021 in the amount of $ 214,847.77; and |
| E | the Charter Hire due on 17th August 2021 in the amount of 199,252.11. |

A true and complete copy of the ROR Letter is attached as <u>Exhibit C</u> hereto.

9. Defendant subsequently paid the part of the Charter Hire that was due on April 16, 2021, but the remaining amounts remain largely unpaid.

10. On September 20, 2021, Plaintiff sent a "reservation of rights, demand for payment of hire & notification of event of default" letter to Defendant (the "**Demand Letter**"), in which Plaintiff (i) notified Defendant that its failure to pay charter hire in a total amount of US$ 1,008,036.49 constituted an event of default under the Charter, and (ii) called upon Defendant to rectify such event of default by the immediate payment of the hire due. As shown in the Demand Letter, Defendant's overdue hire consisted of the following:

| Date | Hire |
|---|---|
| 17 May 2021 | US$201,035.69 |
| 17 June 2021 | US$197,401.47 |
| 16 July 2021 | US$214,847.77 |
| 17 August 2021 | US$199,252.11 |
| 17 September 2021 | US$195,499.45 |

A true and complete copy of the Demand Letter is attached as <u>Exhibit D</u> hereto.

11. Despite the Demand Letter, Defendant has failed to pay any significant portion of the overdue hire. Specifically, a payment of US$ 85,764.36 has been applied to Defendant's overdue hire for May 2021.

12. Since Plaintiff sent the Demand Letter, additional hire has become due and gone unpaid. The current amount of charter hire owed by Defendant is US$ 1,119,886.97 (the "**Outstanding Hire**"):

| Charter Hire Due Date | Charter Hire Amount |
|---|---|
| 17 May 2021 | US$ 115,271.33 |
| 17 June 2021 | US$ 197,401.47 |
| 16 July 2021 | US$ 214,847.77 |
| 17 August 2021 | US$ 199,252.11 |
| 17 September 2021 | US$ 195,499.45 |
| 17 October 2021 | US$ 197,614.85 |

13. By law, Plaintiff is entitled to immediate repossession of the Vessel.

### III. CLAIM FOR BREACH OF THE CHARTER

14. Plaintiff repeats and re-alleges by reference the allegations contained in paragraphs 1–13 as if specifically set forth herein.

15. Defendant has breached the Charter by (*inter alia*) failing to pay hire as required by Clause 11 of the Charter and failing to pay the Outstanding Hire due and owing to Plaintiff upon receipt of the Demand Letter.

16. As provided in Clause 45(a) of the Charter, such continuing non-payment is an Event of Default.

17. As a result of Defendant's breach, Plaintiff has incurred damages for loss of use of the Vessel and in the amount of the Outstanding Hire and any other sums due under the Charter.

18. Plaintiff therefore makes this claim for breach of a maritime contract and for a final judgment awarding Plaintiff damages in an amount to be proven in these proceedings.

### IV. CLAIM TO TAKE POSSESSION OF THE VESSEL UNDER RULE D

19. Plaintiff repeats and re-alleges by reference the allegations contained in paragraphs 1–18 as if specifically set forth herein.

20. Plaintiff is the true and lawful owner and titleholder of the Vessel.

21. Because of Defendant's breach of the Charter, Plaintiff is entitled to retake possession of the Vessel.

22. Plaintiff therefore makes this claim under Rule D for a warrant of arrest of the Vessel to be executed by the U.S. Marshal within this District, and for a final judgment granting possession of the Vessel to Plaintiff.

23. A Declaration by Plaintiff's authorized representative verifying the facts of this Complaint is attached as Exhibit E.

## V.     PRAYER

WHEREFORE, Plaintiff prays:

A. That process and due form of law according to the practices of this Honorable Court in causes of admiralty and maritime jurisdiction be issued against the Vessel and Defendant;

B. That an order and warrant of arrest under Rule D be issued against the Vessel and that the Vessel be seized by the U.S. Marshal to be held in custody pending any judgment to be entered herein;

C. That after due proceedings, judgment be entered in favor of Plaintiff and against Defendant granting possession of the Vessel to Plaintiff and awarding damages to Plaintiff from Defendant in an amount to be proven in these proceedings, plus prejudgment interest, post-judgment interest, costs, attorneys' fees, *custodial legis* expenses, and disbursements for this case;

D. That this Honorable Court grant Plaintiff such other and further relief as may be just, equitable and proper.

Respectfully submitted,

/s/ J. James Cooper
J. James Cooper (TX Bar No. 04780010)
(attorney-in-charge)
M. Bradley Taylor (TX Bar No. 24102560)
REED SMITH LLP
811 Main Street, Suite 1700
Houston, TX 77002
Telephone: (713) 469-3800
Facsimile: (713) 469-3899
jcooper@reedsmith.com
btaylor@reedsmith.com

Alice D. Colarossi
(*pro hac vice* application to be filed)
REED SMITH LLP
599 Lexington Avenue, 22nd Floor
New York, NY 10022
Telephone: (212) 521-5400
Facsimile: (212) 521-5450
jsarma@reedsmith.com
acolarossi@reedsmith.com

*Attorneys for Plaintiff,*
*OCM Maritime Rhine LLC*