IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **OCM Maritime Rhine LLC,** § § | | |
| **Plaintiff,** § § | | |
| VS. § § | C.A. NO. 3:21-cv-00315 | |
| **M/V KINAROS, its engines, boilers,** § **tackle, furniture, apparel,** § **appurtenances, etc.,** *in rem*, **and** § **Kinaros Special Maritime Enterprise,** § *in personam*, § § | In Admiralty, Rule 9(h) | |
| **Defendants.** § | | |

**ANSWER OF KINAROS SPECIAL MARITIME ENTERPRISE TO
OCM MARITIME RHINE LLC'S VERIFIED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Kinaros Special Maritime Enterprise, ("KSME") in its own capacity and as the Claimant/Owner of the M/V KINAROS, pursuant to the Verified Statement of Right or Interest and Entry of Restricted Appearance (DOC 11) (sometime collectively "Defendants") and subject to Rule E(8) of the Supplemental Rules for Admiralty for Maritime Claims and Asset Forfeiture Actions, and also subject to and with full reservation of Defendants' rights pursuant to any arbitration agreement between the Plaintiff and Defendants, files this Answer to Plaintiff's Verified Complaint and would respectfully show as follows:

**FIRST DEFENSE**

Plaintiff's claim is subject to an arbitration provision as per the applicable charter party between Plaintiff and Defendants: accordingly, the matter should be stayed pending

arbitration proceedings, for a determination of Plaintiff's claim, including Plaintiff's claim for possession of the M/V KINAROS (the "Vessel").

## SECOND DEFENSE

The Verified Complaint should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction.

## THIRD DEFENSE

The Verified Complaint should be dismissed pursuant to Rule 12(b)(2) for lack of personal jurisdiction.

## FOURTH DEFENSE

The Verified Complaint should be dismissed pursuant to Rule 12(b)(3) for improper venue.

## FIFTH DEFENSE

The Verified Complaint should be dismissed pursuant to Rule 12(b)(6) for failing to state a claim upon which relief can be granted.

## SIXTH DEFENSE

Defendants answer the specific allegations of the Verified Complaint as follows:

1. The allegations contained within paragraph 1 of the Verified Complaint are legal conclusions and no response is required. To the extent a response is required, Defendants admit that this is an admiralty and maritime claim within the meaning of Rule 9(h).

2. Defendants deny the allegations contained in paragraph 2 of the Verified Complaint.

3. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Verified Complaint, which are therefore denied.

4. Defendants admit the allegations contained in paragraph 4 of the Verified Complaint.

5. Defendants admit the allegations contained in paragraph 5 of the Verified Complaint.

6. Defendants admit that Plaintiff, as owner, and Defendant KSME, as bareboat charterer, entered into a bareboat charter, and, except as so admitted, deny the remaining allegations contained in paragraph 6 of the Verified Complaint, as they are a partial recitation of the overall transaction.

7. Defendants admit that the Republic of Greece issued a Certificate of Nationality, and, except as so admitted, deny the remaining allegations contained in paragraph 7 of the Verified Complaint, as they are a partial recitation of the overall transaction.

8. Defendants admit that Plaintiff sent a reservation of rights letter on or about September 1, 2021, and, except as so admitted, deny the remaining allegations contained in paragraph 8 of the Verified Complaint, as they are a partial recitation of the overall transaction.

9. Defendants admit that payments were made against the April 16, 2021 charter hire, and, except as so admitted, deny the remaining allegations contained in paragraph 9 of the Verified Complaint.

10. Defendants admit that Plaintiff sent a reservation of rights letter on or about September 20, 2021, and, except as so admitted, deny the remaining allegations contained in paragraph 10 of the Verified Complaint, as they are a partial recitation of the overall transaction.

11. Defendants deny the allegations contained in paragraph 11 of the Verified Complaint, except admit that a payment has been applied.

12. Defendants deny the allegations contained in paragraph 12 of the Verified Complaint.

13. Defendants deny the allegations contained in paragraph 13 of the Verified Complaint.

14. Defendants repeat and reallege each and every response to the allegations contained paragraphs 1 through 13 of the Verified Complaint as if each was fully set forth herein and incorporate the same by reference.

15. Defendants deny the allegations contained in paragraph 15 of the Verified Complaint.

16. Defendants deny the allegations contained in paragraph 16 of the Verified Complaint.

17. Defendants deny the allegations contained in paragraph 17 of the Verified Complaint.

18. Defendants deny the allegations contained in paragraph 18 of the Verified Complaint.

19. Defendants repeat and reallege each and every response to the allegations contained paragraphs 1 through 18 of the Verified Complaint as if each was fully set forth herein and incorporate the same by reference.

20. Defendants deny the allegations contained in paragraph 20 of the Verified Complaint.

21. Defendants deny the allegations contained in paragraph 21 of the Verified Complaint.

22. Defendants admit that Plaintiff seeks the relief expressed in the allegations contained in paragraph 22 of the Verified Complaint, but deny that Plaintiff is entitled to the same.

23. Defendants admit that Plaintiff attached a Declaration to the Verified Complaint, but except as so admitted, deny the remaining allegations contained in paragraph 23 of the Verified Complaint and deny the allegations I the Declaration.

### SEVENTH DEFENSE

Plaintiff's purported reservations of rights and notifications of events of default are not valid.

### EIGHTH DEFENSE

The bareboat charter party referenced in Plaintiff's Verified Complaint was not validly terminated.

### NINTH DEFENSE

Plaintiff has failed to property account for all payments, credits or setoffs to the detriment of the Defendant.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Kinaros Special Maritime Enterprise prays that the Verified Complaint be dismissed with costs awarded to Defendant, or alternatively the case should be stayed pending arbitration in Hong Kong, and for such other and further relief to which Defendant may show itself justly entitled.

Respectfully submitted,

By: ___*/s/ Dimitri P. Georgantas*___
Dimitri P. Georgantas
Attorney-in-Charge
State Bar No. 07805100
Federal I.D. No. 2805
Kevin P. Walters
State Bar No. 20818000
Federal I.D. No. 5649
1600 Smith Street, Suite 5000
Houston, Texas 77002
Telephone: (713) 224-8380
Fax: (713) 225-9945
dimitri.georgantas@roystonlaw.com
kevin.walters@roystonlaw.com

**ATTORNEYS FOR CLAIMANT,
KINAROS SPECIAL MARITIME
ENTERPRISE**

**OF COUNSEL:**
**ROYSTON, RAYZOR, VICKERY & WILLIAMS, L.L.P.**

## CERTIFICATE OF SERVICE

      I certify that on this the 15th day of December, 2021, a true and correct copy of the foregoing was served upon counsel of record by ECF, certified mail, return receipt requested, hand delivery, and/or via facsimile.

                                              /s/ *Dimitri P. Georgantas*
                                              Dimitri P. Georgantas