UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| OCM MARITIME RHINE LLC, § § | | |
| Plaintiff, § § | | |
| VERSUS § § | | |
| M/V KINAROS, its engines, boilers, tackle, § furniture, apparel, appurtenances, etc., *in rem*, and § Kinaros Special Maritime Enterprise, *in personam*, § § | | C.A. NO. 3:21-CV-315 ADMIRALTY, Rule 9(h) |
| Defendant. § § | | |
| WRIST USA (HOUSTON), INC., § § | | |
| Plaintiff, § § | | |
| v. § § | | |
| M/V KINAROS, § § | | |
| Defendant. § | | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN
UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE**

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel or self-represented litigant who attended for each party. NOTE: the Rule 26(f) meeting must be held in person, by phone, or by video. Email meetings are not permitted.

The Rule 26(f) meeting occurred by phone on February 10, 2022. The following counsel attended:

    M. Bradley Taylor, for plaintiff OCM Maritime Rhine LLC (hereafter "OCM Maritime");

    James D. Bercaw, for plaintiff Wrist USA (Houston), Inc. (hereafter "Wrist"); and

    Dimitri P. Georgantas for defendant Kinaros Special Maritime Enterprise (hereafter "Kinaros").

{N1938166 -}

2. List the cases related to this one that are pending in any state or federal court, with the case number and court, and state how the cases are related.

There are no related cases pending.

3. <u>Briefly</u> describe what this case is about.

OCM Maritime—owner of the M/V Kinaros (the "Vessel")—sued both Kinaros—the Vessel's bareboat charterer—and the Vessel for possession of the Vessel under Rule D of the Supplemental Rule for Admiralty and Maritime Claims based on alleged breach of the bareboat charterparty.

Wrist sued the Vessel under Admiralty Rule C to enforce an alleged maritime lien for necessaries under the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31341 *et seq* ("CIMLA").

Kinaros has made a Restricted Appearance and has filed a Verified Statement of Interest claiming possession of the Vessel and has filed Answers to the OCM Maritime and Wrist Verified Complaints denying the allegations in the Verified Complaints.

The Court consolidated these actions on January 25, 2022.

4. Identify any issues as to service of process, personal jurisdiction, or venue.

The parties are not currently aware of any issues relating to these topics, subject to Kinaros's restricted appearance, which reserved Kinaros's possible objections.

5. Federal jurisdiction

   a. Specify the allegation of federal jurisdiction.

Plaintiffs allege federal jurisdiction pursuant to 28 U.S.C. § 1333, which provides federal district courts with exclusive jurisdiction over any civil case of admiralty or maritime jurisdiction.

Wrist further submits that this Court has subject matter jurisdiction pursuant to CIMLA and under Admiralty Rule C.

   b. Identify the parties, if any, who disagree with the plaintiff's federal jurisdictional allegations, and state their reasons.

Wrist and Kinaros disagree that this Court has jurisdiction under Admiralty Rule D or 28 U.S.C. § 1333 for the claims asserted by OCM Maritime, because the purported bareboat charter between OCM Maritime and Kinaros comprised a mere financing device pursuant to those parties' underlying sale/lease-back/resell transaction and thus does not present a claim cognizable within this Court's admiralty or maritime jurisdiction.

OCM Maritime disagrees with Wrist's and Kinaros's position. Their position conflates the distinct jurisdictional bases for a possessory claim in admiralty and a contractual claim in

admiralty. "Admiralty jurisdiction extends to suits to try title or for possession of a vessel under Rule D where the plaintiff asserts legal title or a legal claim to possession. Contract and tort claims are cognizable in admiralty where those claims are maritime in nature." *Gulf Coast Shell & Aggregate LP v. Newland*, 623 F.3d 235, 240 (5th Cir. 2010). Here, OCM Maritime asserts legal title to the Vessel and arguments attempting to recharacterize the bareboat charter are irrelevant.

    c.    If federal jurisdiction is based on diversity of citizenship and any of the parties is a limited liability entity, please state the citizenship of each of the members of the limited liability entity. When members of a limited liability entity are themselves entities or associations, citizenship must be traced through however many layers of members there are until arriving at the entity that is not a limited liability and identifying its citizenship. *See Acadian Diagnostic Labs., L.L.C. v. Quality Toxicology, L.L.C.*, 965 F.3d 404, 408 fn.1 (5th Cir. 2020)

Federal jurisdiction is not based on diversity of citizenship.

6.    List anticipated additional parties that should be included, and by whom they are wanted.

The parties do not anticipate including additional parties.

7.    List anticipated interventions.

The parties do not anticipate any interventions.

8.    Describe class-action or collective-action issues.

No class-action or collective-action issues are present.

9.    State whether each party has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures and the dates.

The parties have not made the initial disclosures. The parties have agreed to exchange initial disclosures by Friday, March 4, 2022.

10.    If the case includes a claim for attorneys' fees, state whether the parties agree to submit the fees issue to the court for resolution on affidavits or declarations, after the other issues are resolved.

To the extent any of the parties are entitled to recovery of their attorney's fees, the parties agree to submit the fees issue to the court for resolution on affidavits or declarations after the other issues in the case are resolved.

11.    Describe the proposed discovery plan, including:

    a.    Responses to the matters raised in Rule 26(f), including any agreement (and disputes) concerning electronic and other discovery.

  b. Any threshold issues—such as limitations, jurisdiction, or immunity—that should be scheduled for early resolution, what discovery targeted to those issues may need to occur early, and how long this targeted discovery will take.

As stated above, the parties have agreed to exchange the initial disclosures required by Rule 26(a) no later than March 4, 2022.

Because of the likely success of ongoing settlement discussion, the parties have not yet determined the issues upon which discovery may be sought in these consolidated cases. Once the proper caption of this matter is resolved, Wrist intends on propounding limited discovery requests to both OCM Maritime and Kinaros to obtain the Memorandum of Agreement or MOA and other documents between OCM Maritime and Kinaros referred to in the purported bareboat charter for the Vessel (Dkt. 1-3).

The parties do not expect the need for electronic discovery. The minimal, if any, documents to be produced in this action will be exchanged as pdf files.

The parties do not anticipate any issues about claims of privilege or of protection as trial-preparation materials. The parties will address inadvertently produced materials as directed by Federal Rule of Civil Procedure 26(b)(5)(B).

The parties do not request any changes in the limitations on discovery imposed by the Federal Rules of Civil Procedure.

The parties will submit an agreed protective order to the extent the MOA or other documents contain confidential commercial information as well as other confidential documents are requested during discovery.

12. Experts

  a. Are experts needed on issues other than attorneys' fees?

The parties do not anticipate the need for experts.

  b. If medical experts are needed, identify whether they are only treating physicians or also designated on other issues.

No medical experts are needed.

  c. The date the party with the burden of proof on an issue will be able to designate experts and provide the reports required by Rule 26(a)(2)(B).

If experts are needed, the party with the burden of proof on an issue will designate experts and provide the required expert reports by September 30, 2022.

  d. The date the opposing party will be able to designate responsive experts and provide the reports required by Rule 26(a)(2)(B).

If experts are needed, the opposing party will designate responsive experts and provide the required expert reports by October 28, 2022.

13. State the date discovery can reasonably be completed.

Discovery can reasonably be completed by November 9, 2022.

14. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

The parties agree on the discovery plan.

15. Specify the discovery beyond initial disclosures that has been undertaken to date.

No discovery beyond initial disclosures has been undertaken to date.

16. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting or have emerged since then.

The parties understand that discussions among their clients are ongoing, but no resolution has been reached at this time.

17. From the attorneys' discussion with the clients, state the alternative dispute resolution techniques that are reasonably suitable and when they are likely to be effective in this case.

Given the amounts in dispute and the relative simplicity of the legal and factual issues concerning each claim against the Vessel interests, Wrist submits that a settlement conference before Magistrate Judge Edison would be more economical as compared to other ADR techniques.

18. With the consent of all parties, United States Magistrate Judge Andrew Edison may preside and hear jury and non-jury trials. Indicate the parties' joint position on a trial before Judge Edison.

At this time, not all of the parties consent to trial of this case before Judge Edison.

19. State whether a jury demand has been made and if it was made on time.

No jury demand has been made in these consolidated admiralty cases.

20. Specify the number of hours it will likely take to present the evidence.

The parties estimate taking 24 hours to present the evidence in these combined admiralty cases.

21. List pending motions that may be ruled on at the initial pretrial and scheduling conference.

No motions are currently pending.

22. List other pending motions.

No motions are currently pending.

23. List issues or matters, including discovery, that should be addressed at the conference.

The parties are not aware of any additional issues that should be addressed at the conference.

24. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for original and any amendments. DO NOT STATE THAT THE DISCLOSURE OF INTERESTED PARTIES WILL BE FILED IN THE FUTURE.

OCM Maritime certifies that it filed a Disclosure of Interested Parties on November 22, 2021. *See* ECF 10.

Wrist certifies that it filed a Certificate of Interested Parties on January 3, 2022. (Civ. A. No. 4:21-cv-4077; Dkt 13.)

Kinaros certifies that it will file a Certificate of Interested Parties no later than February 14, 2022.

| | |
|---|---|
| */s/ M. Bradley Taylor* <br> Counsel for Plaintiff OCM Maritime Rhine LLC | 2/10/2022 <br> Date |
| */s/ James D. Bercaw* <br> Counsel for Plaintiff Wrist (USA) Houston, Inc. | 2/10/2022 <br> Date |
| */s/ Dimitri P. Georgantas* <br> Counsel for Defendant Kinaros Special Maritime Enterprise | 2/10/2022 <br> Date |